STATE v. NATHAN BLAKE.

(Filed 2 April, 1930.)

**Criminal Law G 1—Defendant is entitled to testify upon voir dire as to voluntariness of confession.**

Where evidence is taken upon the *voir dire* as to the competency or voluntariness of the confession of the prisoner charged with murder, the prisoner, at his own request, is entitled to be heard as to the voluntariness

of the confession, and a denial of the right will be held for reversible error as denying to the prisoner the benefit of his own testimony and as impelling him to take the stand upon the trial to deny its voluntariness.

APPEAL by defendant from *Cranmer, J.,* at December Term, 1929, of DURHAM.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one Will Hall.

From an adverse verdict and judgment of death by electrocution pronounced thereon, the prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Philip A. Escoffery for defendant.*

STACY, C. J. The record is in a very unsatisfactory condition, but one circumstance seems to appear with certainty, and that is, in hearing evidence on the *voir dire* to determine the competency or voluntariness of an alleged confession, made by the prisoner while in jail, the court declined to permit the prisoner to testify, and ruled upon the State's evidence alone that said confession was voluntary, and admitted the same in evidence. In this there was error. *S. v. Fox,* 197 N. C., 478, 149 S. E., 735. The prisoner, at his own request, was entitled to be heard on the preliminary inquiry looking to the admissibility of the alleged confession in evidence. *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603.

The ruling was hurtful in two ways: 1. It denied to the prisoner the benefit of his own testimony while the admissibility of the alleged confession was in issue; and (2) thereafter he felt impelled to take the stand as a witness in his own behalf and deny its voluntariness, but for the admission of which a different course might have been pursued on the trial.

For the error, as indicated, in declining to hear the prisoner on the preliminary inquiry as to the voluntariness of the alleged confession, a new trial must be awarded, and it is so ordered.

New trial.