STATE v. JAMES ROBERT PIKE.

(Filed 28 February, 1968.)

**1. Criminal Law § 103—**

In our system of jurisprudence the functions of the court are separate from those of the jury; it is the duty of the court to pass on the competency and admissibility of the evidence and the jury may not invade the province of the court in this respect.

**2. Criminal Law § 84—**

On defendant's motion to suppress the evidence of the State on the ground that it was procured by an unlawful search, the procedure to be followed by the trial court is the same as the inquiry into the voluntariness of a confession.

**3. Same—**

When the defendant objects to the admissibility of the State's evidence on the ground that it was obtained by unlawful search, it is the duty of the trial court, in the absence of the jury, to hear the evidence of the State and of the defendant as to the lawfulness of the search and seizure and to make findings of fact thereon, and such findings are binding on appeal if supported by competent evidence.

**4. Same; Constitutional Law § 30—**

Upon the *voir dire* to determine the lawfulness of a search and seizure, it is reversible error for the trial court to deny defendant the opportunity to offer evidence in his behalf.

**5. Criminal Law § 177—**

On appeal from the denial of motion of nonsuit, defendant is not entitled to a dismissal on the ground that incompetent evidence was admitted, since the State may be able to offer sufficient competent evidence at the next trial.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Crissman, J.,* 17 July 1967 Criminal Session of GUILFORD, High Point Division. This case was docketed and argued at Fall Term 1967 as No. 682.

Defendant was tried under an indictment charging (1) breaking or entering and (2) larceny and receiving. This offense was allegedly committed on 16 April 1967 at Dedmon Produce Company, located at 205 Jacob Street, High Point, North Carolina. Defendant was charged with the larceny of $5000.00, one Pediclip finger nail clipper, and one razor blade stainless citrus knife, each valued at $2.00. Defendant pleaded not guilty to both counts.

Charlie Paul Dedmon, State's witness, testified that he operated Dedmon Produce Company. He closed the business at 5:30 P.M. on 16 April 1967 and returned the next day, Sunday, at about 10:15 A.M. He discovered that one of the back windows had been opened and that his desk, which he had locked, had been broken into. Missing from his desk were $5000.00, consisting of 49 one-hundred dollar bills and two fifty-dollar bills, two knives and some silver coins. On an adjoining desk there had been an adding machine and a "finger-clip." Dedmon identified State's Exhibit 1 as his "fingerclip" and State's Exhibit 2 as a fruit knife belonging to him which had "Seald-sweet, Breakfast Belle," written on one side of it, and "Lake Garfield Citrus Co-op, Bartow, Florida" written on the other side.

The State produced witnesses who had seen defendant with one or more one-hundred dollar bills, near and after the time the break-in allegedly occurred.

W. T. Amaker, Detective-Sergeant with the High Point Police Department, testified that he initiated investigation of this case upon receiving routine report, and that thereafter, as a result of a telephone call, an order was issued for officers to be on the lookout for defendant. Defendant was picked up Monday afternoon. The witness stated that he advised defendant of his rights. Amaker was then asked whether defendant removed anything from his (defendant's) pocket in the presence of the witness. Counsel for defendant objected, and the jury was excused. In the absence of the jury, Amaker testified that defendant voluntarily took a nail clip and other articles from his pockets. He identified State's Exhibit 1 as the nail clip. He knew of no search being made of defendant. Counsel for defendant then made the following request:

> "MR. CECIL requested the court at this point to hear the defendant's testimony out of the presence of the jury as to what transpired and bearing on the constitutional question of admissibility of Detective Amaker's testimony. The Court requested Mr. Cecil to show him authority after lunch for such procedure. THE FOLLOWING WAS IN THE PRESENCE OF THE JURY AFTER THE LUNCH RECESS:
>
> THE COURT: Let the record show that counsel for the defendant requested that he be allowed to put the defendant on in the absence of the jury, in order to determine whether or not certain evidence that may have been obtained from him in the presence of the officers is competent. Let the record show the motion is DENIED. EXCEPTION FOR DEFENDANT.
>
> MR. CECIL: Will your Honor state that this is for the grounds of determining the constitutionality, the Constitutional points of the admissibility of the evidence?
>
> THE COURT: Put whatever he said down there. I think I have done enough, but put that in. DEFENDANT'S EXCEPTION 9."

Amaker's testimony, including that concerning the nail clip, was then given in the presence of the jury.

Detective Lawrence Graves of the High Point Police Department testified that on Monday afternoon he saw defendant on the street and there talked with him. He asked defendant to go to the police station for the purpose of discussing the break-in at Dedmon Produce Company, and at that time informed defendant that he was not under arrest. Defendant agreed, and thereupon took a knife from

his pocket and gave it to the officer. Graves identified State's Exhibit 2 as the knife defendant gave him.

About two hours later, and after the knife and clip were identified as property taken from Dedmon Produce Company, defendant was placed under arrest.

At the completion of the State's evidence, defendant's motion for nonsuit was overruled. Defendant did not introduce evidence and renewed his motion for nonsuit, which was overruled.

The verdict of the jury was "guilty as charged," and judgment was imposed thereon. Defendant's motions to set aside the verdict, for a new trial, and to set aside the judgment, were overruled.

Defendant appealed.

*Attorney General Bruton, Deputy Attorney General Lewis, and Staff Attorney Jacobs for the State.*
*Harold I. Spainhour for defendant.*

BRANCH, J.  Defendant assigns as error the trial court's action in refusing to allow defendant to testify on *voir dire* hearing held on his motion to suppress evidence.

One of the most strictly defined principles in our system of jurisprudence is that which separates the functions of the court from those of the jury. *State v. Fogleman,* 204 N.C. 401, 168 S.E. 536. It is the duty of the court to pass on the competency and admissibility of evidence. This includes the duty to pass upon the validity of a search warrant and the competency of evidence procured thereunder, when they are properly made the subject of inquiry. The jury has no duty in determining the competency or admissibility of evidence, and the jury may not invade the province of the court in this respect. *State v. Harper,* 235 N.C. 62, 69 S.E. 2d 161. When the court determines the competency of evidence in the absence of the jury, it thereby insures that its functions and those of the jury remain separate and unaffected.

In the case of *State v. Myers,* 266 N.C. 581, 146 S.E. 2d 674, a motion was made to suppress evidence obtained by a search warrant on the ground of insufficiency of the warrant. The Court, finding the warrant illegal, *inter alia,* made this pertinent statement:

> "In this case, as a matter of procedure, we see no reason why the trial court, in its discretion and on defendant's motion to suppress the evidence, could not conduct a preliminary inquiry relating to the legality of the search in the same manner as the court does in determining the voluntariness of a confession."

In passing upon whether confessions of defendants in criminal cases are voluntary and admissible in evidence, this Court has approved the following rule:

> "When the State proposes to offer in evidence the defendant's confession or admission, and the defendant objects, the proper procedure is for the trial judge to excuse the jury and, in its absence, hear the evidence, *both that of the State and that of the defendant,* upon the question of the voluntariness of the statement. In the light of such evidence and of its observation of the demeanor of the witnesses, the judge must resolve the question of whether the defendant, if he made the statement, made it voluntarily and with understanding. *State v. Barnes, supra; State v. Outing, supra; State v. Rogers, supra.* The trial judge should make findings of fact with reference to this question and incorporate those findings in the record. Such findings of fact, so made by the trial judge, are conclusive if they are supported by competent evidence in the record. No reviewing court may properly set aside or modify those findings if so supported by competent evidence in the record. *State v. Barnes, supra; State v. Chamberlain, supra; State v. Outing, supra; State v. Rogers, supra.*" (Emphasis ours.) *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1.

We see no reason why the procedure on motion to suppress evidence because of illegal search and seizure should not be the same as the inquiry by the court into the voluntariness of a confession.

In the case of *State v. Smith,* 213 N.C. 299, 195 S.E. 819, the Court considered the competency of an alleged confession and there stated:

> "The defendant contends here that he had the right to testify and offer witnesses in the absence of the jury in rebuttal concerning the circumstances under which the alleged confession was procured from him. This is true if he asserts or requests the right at the time. . . ."

Headnote No. 5 from the case of *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396, accurately states the pertinent holding of the case, as follows:

> "It is error for the court upon the challenge of the competency of a confession to refuse to hear evidence on the *voir dire* that defendant was of low mentality, had great imagination, and would believe anything told him, it being the duty of the court

to hear and weigh such evidence in determining whether the confession was in fact understandingly and voluntarily made."

Justice Ervin, speaking for the Court in *State v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, stated:

". . . When the admissibility of a confession is challenged on the ground that it was induced by improper means, the trial judge is required to determine the question of fact whether it was or was not voluntary before he permits it to go to the jury. *S. v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84; *S. v. Andrew,* 61 N.C. 205. In making this preliminary inquiry, the judge should afford both the prosecution and the defense a reasonable opportunity to present evidence in the absence of the jury showing the circumstances under which the confession was made. *S. v. Gibson,* 216 N.C. 535, 5 S.E. 2d 717; *S. v. Alston,* 215 N.C. 713, 3 S.E. 2d 11; *S. v. Smith,* 213 N.C. 299, 195 S.E. 819; *S. v. Blake,* 198 N.C. 547, 152 S.E. 632; *S. v. Whitener,* 191 N.C. 659, 132 S.E. 603. . . ."

In the instant case, upon motion to suppress the evidence the trial judge conducted an inquiry in the absence of the jury. The court heard a State's witness, but refused to hear defendant.

It is basic to due process that a defendant in a criminal action be allowed to offer testimony. When the trial judge heard the State's witness on *voir dire,* he should have given defendant an opportunity to offer evidence to present his version of the search and seizure or to contradict, amplify, or explain the testimony offered by the State.

We hold that the trial court committed error in refusing to allow defendant to offer evidence during the *voir dire.*

We do not decide as to the competency of the evidence which defendant moved to suppress.

The trial court correctly overruled defendant's motion for nonsuit. Defendant contends that the motion should have been granted since the State's case depends largely on the evidence which he contends resulted from the illegal search. This argument is not tenable since the admissibility of the evidence must yet be determined according to the procedure herein set out.

Further, had the evidence been incompetent, he would not have been entitled to a dismissal, since the State might have been able to offer sufficient competent evidence at the next trial. *State v. Hall,* 264 N.C. 559, 142 S.E. 2d 177; *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252.

We do not deem it necessary to consider further assignments of error.

Defendant is entitled to a
New trial.

HUSKINS, J., took no part in the consideration or decision of this case.