STATE v. JAMES JOSEPH EDWARDS
No. 821

(Filed 30 October 1968)

1. Criminal Law §§ 75, 76— general objection to admission of confession

   A general objection is sufficient to challenge the admission of a proffered confession if timely made.

2. Criminal Law § 162— objection to evidence

   An objection must be made in apt time, that is, as soon as the opponent has the opportunity to learn that the evidence is objectionable; unless prompt objection is made, the opponent will be held to have waived it.

3. Criminal Law § 162— objection to preliminary question

   A preliminary question to a witness is not usually open to objection; ordinarily an objection must be interposed when evidence is offered and received.

**4. Criminal Law §§ 76, 162— admissibility of confession — necessity for voir dire examination**

Defendant interposed an objection, which was overruled, when a police officer was asked if defendant had made any statements to him. The officer answered in the affirmative and then volunteered, without being asked, the contents of defendant's alleged confession. *Held:* Upon defendant's objection the trial court should have excused the jury and heard evidence as to the voluntariness of the statement, since the objection was directed to the damaging effect of an involuntary confession and was in time to have alerted the court to forthcoming proffer of confession by the State.

APPEAL by defendant from *Carr, J.*, August 1967 Criminal Session of ORANGE.

Defendant was tried upon a bill of indictment charging breaking and entering with intent to commit a felony. He entered a plea of not guilty.

The State offered evidence which tended to show that the University Laundry building in Chapel Hill, North Carolina, had been broken into sometime between 4:30 P.M. on 9 February 1967 and 8:00 A.M. on 10 February 1967. Certain vending machines had been damaged and the money boxes were missing from a cigarette machine and a pastry machine. A small window pane had been broken out of the back door leading to the room in which the machines were located.

Arthur Summey, a detective with the Chapel Hill Police Department, in the course of his investigation "lifted" a palm print from one of the vending machines which was identified at the trial by S.B.I. Agent Steven Jones, an expert in the science of comparing fingerprints and palm prints, as being identical to a palm print of defendant.

Howard Pendergraph, an officer with the Chapel Hill Police Department, testified that he talked with defendant after his arrest about the breaking in at the University Laundry building. After Officer Pendergraph testified that he advised defendant of his constitutional rights, the following appears in the record:

"Q. After advising him of these things, did he make any statement to you about the breaking in at the University Laundry?

Defendant objects — Overruled.

A. Yes, sir.

Then the defendant said he wanted to talk to me alone and

asked Detective Summey to leave. I have known the defendant all his life. He wanted to tell me about the breakin. I told him I would rather he talked in the presence of Detective Summey about it, since Mr. Summey was assigned to the case. I called Mr. Summey back. He, the defendant, told us that on the night of February 9th he went down to the University Laundry and went in through the front door. This was about 8:00 P.M., and he broke into the cigarette machine, taking $3.00, then he left and went on home. He said it was snowing; he described it as being the night of the Carolina-Wake Forest basketball game. I know of my own knowledge that was February 9, 1967. I talked with him on February 21.

Q.  Did he tell you why he went in this place?

Defendant objects — Overruled.

A.  Yes, sir.

He told me he had been drinking; he did not have a job. He had either quit, or had been laid off; said he was working on a trash truck with an independent hauler. He said that was the only time he had ever been in the University Laundry plant. He did not say why he chose that place as opposed to some other."

The State rested at the conclusion of Officer Pendergraph's testimony. Defendant offered no evidence. The jury returned a verdict of guilty as charged and judgment was entered sentencing defendant to State's Prison for a term of seven to ten years. Defendant gave notice of appeal in open court, but his attorney failed to perfect the appeal within the time allowed. By certiorari defendant petitioned the court for an additional 30 days from date of the writ to make up and serve his case on appeal. The petition for certiorari was allowed by the Court in Conference on 10 October 1967.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*W. Harold Edwards for defendant.*

BRANCH, J.

Defendant contends that the court erred in admitting his alleged confession without first conducting a voir dire examination.

In the case of *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1, it is stated:

"When the State proposes to offer in evidence the defend-

ant's confession or admission, and the defendant objects, the proper procedure is for the trial judge to excuse the jury and, in its absence, hear the evidence, both that of the State and that of the defendant, upon the question of the voluntariness of the statement. In the light of such evidence and of his observation of the demeanor of the witnesses, the judge must resolve the question of whether the defendant, if he made the statement, made it voluntarily and with understanding. [Citations omitted.] The trial judge should make findings of fact with reference to this question and incorporate those findings in the record. Such findings of fact, so made by the trial judge, are conclusive if they are supported by competent evidence in the record."

Accord: *State v. Barber,* 268 N.C. 509, 151 S.E. 2d 51; *State v. Fuqua,* 269 N.C. 223, 152 S.E. 2d 68; *State v. Inman,* 269 N.C. 287, 152 S.E. 2d 192; *State v. Ross,* 269 N.C. 739, 153 S.E. 2d 469; *State v. Barber,* 270 N.C. 222, 154 S.E. 2d 104; *State v. Fuller,* 270 N.C. 710, 155 S.E. 2d 286; *State v. Bishop,* 272 N.C. 283, 158 S.E. 2d 511; *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22; *State v. Pike,* 273 N.C. 102, 159 S.E. 2d 334; *State v. Clyburn,* 273 N.C. 284, 159 S.E. 2d 868.

[1] A general objection is sufficient to challenge the admission of a proffered confession if timely made. *State v. Vickers,* 274 N.C. 311.

From a cursory examination of the record in the instant case it would seem that objection was made to a preliminary question and therefore not properly made. However, we deem it necessary to examine it with more care in order to determine whether the objection was sufficient to require the trial judge to conduct a voir dire examination.

[2] It is stated in Stansbury, North Carolina Evidence, § 27, at 51 (2d Ed. 1963): "An objection must be made in apt time, that is, as soon as the opponent has the opportunity to learn that the evidence is objectionable . . . Unless *prompt* objection is made, the opponent will be held to have waived it." (Emphasis ours)

In 6 Jones' Commentaries on Evidence, § 2518, at 4980 (2d Ed. 1926), we find the following:

"If a ground of objection is known and apparent, the objection should be immediate; . . . The practice of permitting a question to be answered without objection, and, if perchance the answer is unfavorable, then to object to both question and answer, is not proper or fair practice. It permits a party to speculate on the chances of a favorable answer before committing itself against the question."

**[3, 4]**  A preliminary question to a witness is not usually open to objection, 2 Conrad, Modern Trial Evidence, § 1223, at 370; *Kersey v. State,* 73 Fla. 832, 74 So. 983, and ordinarily objection must be interposed when evidence is offered and received. *State v. Hunt,* 223 N.C. 173, 25 S.E. 2d 598. In instant case the questions posed by the solicitor related to whether statements were made to the officers by defendant, and were immediately followed by defendant's objections. These objections were thereupon overruled. The affirmative answer to the question was expanded by the witness so as to volunteer the content of defendant's alleged confession. No other question was interposed to which defendant could object before the affirmative answer and volunteered testimony as to confession were given. The questions, objections, and answers all related to defendant's alleged confession. It is apparent to us that defendant's objection was directed to the damaging effect of an involuntary confession, rather than to the preliminary question of whether he had made statements to the officers. The objection was not late so as to allow defendant to choose between the favorable and unfavorable answer. The objection was immediately made when it became apparent that a confession was about to be offered, and was in time to have alerted the court to forthcoming proffer of confession by the State.

**[4]**  While we recognize and reaffirm the general rule that unless an objection is made at the proper time it is waived, *State v. Bryant,* 235 N.C. 420, 70 S.E. 2d 186; *State v. Hunt, supra,* in our judgment it would be too strict and narrow a construction of the rule to hold that particular facts of this case show that objection was not properly and timely made.

Thus, upon defendant's objection the trial court should have excused the jury and in its absence heard the evidence of both the State and defendant and resolved the question of the voluntariness of the statement. The court should have then made findings of fact on this question and incorporated them into the record. *State v. Barnes, supra; State v. Gray, supra.*

Since there must be a new trial, we do not deem it necessary to consider defendant's other assignments of error.

New trial.