STATE OF NORTH CAROLINA v. ERNEST FREEMAN (JR.)
No. 6825SC245

(Filed 13 November 1968)

1. **Criminal Law §§ 75, 76— general objection to admission of confession**

    A general objection is sufficient to challenge the admissibility of a proffered confession if timely made.

2. **Criminal Law § 76— admission of confession over objection — necessity for findings of fact as to voluntariness**

    In a prosecution for involuntary manslaughter growing out of an automobile accident, the court erred in admitting, over objection, an incriminating statement made by defendant to the investigating officer some three or four hours after the accident occurred where a *voir dire* hearing was held in the absence of the jury but the court made no findings of fact as to whether defendant's statement was understandingly and voluntarily made.

APPEAL by defendant from *Falls, J.,* 1 April 1968 Ordinary Mixed Session of CATAWBA Superior Court.

The defendant, who was fourteen years of age at the time, was charged in a bill of indictment with unlawfully, willfully, and feloniously killing and slaying Katherine Winkler Pearson with a deadly weapon, to wit, an automobile on 20 June 1967. The defendant pleaded not guilty. The State presented evidence which

tended to show that the defendant was driving a friend's car at the time the collision occurred in which Mrs. Pearson was killed. The automobile operated by the defendant collided with one being operated by the deceased, Katherine Winkler Pearson, wife of Lester P. Pearson, Sr. Mrs. Pearson died as a result of injuries received in the collision. There was evidence from which it could be inferred that the defendant was driving on the wrong side of the road at the time of the collision, and there was also evidence that the defendant had been driving at a high rate of speed in a negligent manner in the vicinity of the accident some fifteen minutes before the accident occurred. The State also offered the testimony of the investigating police officer as to incriminating statements made by the defendant three to four hours after the accident while the defendant was at Hickory Memorial Hospital. At the close of the State's evidence, the defendant moved for judgment as of nonsuit, which motion was denied. The defendant did not offer any evidence but renewed his motion for nonsuit, which was again denied. The jury returned a verdict of guilty and judgment was imposed. The defendant excepted and appealed to the Court of Appeals.

*Attorney General T. W. Bruton, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*

*Tate & Weathers by Carroll W. Weathers, Jr., for defendant.*

MALLARD, C.J.

We think that the defendant's motion for judgment of nonsuit on the evidence was properly denied.

[2] However, we are of the opinion and so hold that the trial court committed error in admitting, over objection, a statement made by the defendant to the investigating officer some three or four hours after the accident, without first holding a hearing and making a finding upon competent evidence that such statement was understandingly and voluntarily made.

In this case a *voir dire* was had in the absence of the jury. There was evidence tending to show that the defendant had been warned of his rights before he answered any questions. There was also evidence tending to show that the defendant, a fourteen year old boy, understood his rights and voluntarily made the statements. In addition, there was evidence that he had been injured in the collision, had already been given some treatment by the doctor for such injuries, and that he appeared to be groggy at the time he was being questioned.

During the course of the *voir dire,* defendant's counsel moved to suppress the evidence, and the Court replied, "I think it's for the jury to weigh it for whatever it's worth." The Court made no findings and the *voir dire* continued. Thereafter, while the investigating officer was testifying, the following occurred:

"Q  You testified yesterday that you talked with the defendant about this matter. What did he tell you?

MR. WEATHERS:  May it please the Court, I believe the Court is going to allow the testimony. I'd like to preserve my exception by (sic) the Court's ruling. We object and except.

THE COURT:  Overruled." DEFENDANT'S EXCEPTION #1

Thereupon, the witness proceeded to relate what he said the defendant told him.

The record does not show that the trial judge made any finding as to whether the statement made by the defendant was understandingly and voluntarily made.

[1]  "A general objection is sufficient to challenge the admission of a proffered confession if timely made." *State v. James Joseph Edwards,* 274 N.C. 431, 163 S.E. 2d 767, filed 30 October 1968; *State v. Vickers,* 274 N.C. 311, 163 S.E. 2d 481, filed 9 October 1968.

In the case of *State v. James Joseph Edwards, supra,* Justice Branch, speaking for the Court, said after citing and quoting from *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1:

"Thus, upon defendant's objection the trial court should have excused the jury and in its absence heard the evidence of both the State and defendant and resolved the question of the voluntariness of the statement. The court should have then made findings of fact on this question and incorporated them into the record." ·

[2]  On the record before us in the instant case, the court heard some evidence but made no findings of fact as to whether the statement made by the defendant was understandingly and voluntarily made. In the absence of such specific finding incorporated in the record, we are unable to determine whether the defendant has been accorded due process of law. For the reasons stated, the defendant is awarded a

New trial.

CAMPBELL and MORRIS, JJ., concur.