STATE OF NORTH CAROLINA v. MEXON DIGGS
No. 697SC509

(Filed 17 December 1969)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**

   Upon motion for nonsuit in a criminal case, all the evidence upon the whole record tending to sustain a conviction is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn therefrom.

2. **Forgery § 1— elements of the crime**

   To constitute the offense of forgery, (1) there must be a false making or alteration of some instrument in writing, (2) there must be a fraudulent intent, and (3) the instrument must be apparently capable of effecting a fraud.

3. **Forgery § 2— sufficiency of evidence**

   In this prosecution for forgery of a check, the State's evidence *is held* sufficient for the jury where it tends to show that defendant admitted to officers that he wrote the check in question and did not have permission from the person whose name appeared as drawer of the check to sign his name, that the person named thereon as payee whose signature purportedly appeared on the back of the check had neither signed the back of the check nor given defendant permission to sign her name thereon, that defendant had gotten another person to cash the check for him, and the check itself was introduced in evidence.

4. **Forgery § 2; Criminal Law § 106— sufficiency of evidence aliunde defendant's confession**

   In this prosecution for forgery, there was sufficient extrinsic evidence corroborating defendant's confession to warrant submission of the case to

the jury, where the forged check was introduced in evidence, endorsements appearing on the back thereof indicated it had been negotiated, and there was independent evidence that the signatures of the persons whose names appeared thereon as drawer and as payee were not genuine.

**5. Criminal Law § 106— corpus delicti — evidence aliunde confession**

When the State offers evidence of the *corpus delicti* in addition to defendant's confession of guilt, defendant's motion for nonsuit is correctly denied.

**6. Criminal Law § 76— admission of confession — necessity for voir dire — failure to object**

In this forgery prosecution, the trial court did not err in the admission of the testimony of two police officers concerning defendant's extrajudicial admission without conducting a voir dire hearing and making findings of fact as to the voluntariness of defendant's statements, where defendant made no objection at the trial to the officer's testimony.

**7. Criminal Law §§ 75, 162— confessions — necessity for objection**

A general objection, if timely made, is sufficient to challenge the admissibility of a confession, but objection is waived if not made at the proper time and cannot be raised for the first time on appeal.

ON Certiorari from *Fountain, J.,* December 1968 Criminal Session of WILSON Superior Court.

Defendant, represented by court-appointed counsel, was tried on his plea of not guilty to a bill of indictment charging him with forging a check in the amount of $42.00, payable to one Emma Smith, and purporting to have been drawn by one Robert Smith. The State introduced the check in evidence and offered the testimony of the two police officers who had arrested defendant. These officers testified that after arresting the defendant and reading the warrant to him, they told defendant "he had the right to remain silent, that anything he said would be used against him in a court of law, that he had a right to have an attorney present with him before any question was asked, if he desired one, and that if he could not afford to hire a lawyer, one would be appointed to represent him." The officers testified that after they had given these warnings to the defendant, he did not request an attorney before he answered their questions. The officers testified that they had told the defendant that according to their information defendant had written the check, had gotten another man to go to the store and cash it for him, and that Robert Smith had never given defendant permission to sign his name to the check. The officers testified that defendant had admitted to them that their information was right.

The State also offered the testimony of Emma Smith, who testified that Robert Smith was her son, that he was in the Army on the

date the check was issued, that the signature "Robert Smith" on the check was not her son's handwriting, and that she had never signed the back of the check nor had she given defendant permission to sign her name on the back of the check.

The defendant took the stand and testified that he knew Robert Smith and Emma Smith, but that he had not signed the check or written any part of it and that the only time he had ever seen it was when it was shown to him by the officers. Defendant also testified that the officers had advised him of his rights and had told him they had information that he had written the check, but he denied that he had admitted to them that their information was right or that he had ever made any incriminating statement.

The jury returned a verdict of guilty, and judgment was imposed thereon sentencing defendant for a term of eighteen months. Defendant gave notice of appeal, but requested that his court-appointed counsel be relieved of further duties, stating to the court that he would privately employ counsel to effect his appeal. Defendant failed to raise necessary funds to retain private counsel in apt time to perfect his appeal. The superior court then appointed defendant's present counsel, who had not represented him at his trial, to represent him, and this Court thereafter granted defendant's petition for writ of certiorari to perfect a late appeal.

*Attorney General Robert Morgan and Staff Attorney T. Buie Costen, for the State.*

*Narron & Holdford, by William H. Holdford and Henry C. Babb, Jr., for defendant appellant.*

PARKER, J.

[1] Defendant assigns as error the refusal of the court to grant his motion of nonsuit made at the conclusion of the State's evidence and renewed at the conclusion of all of the evidence. There is no merit in this assignment of error. It is elementary that upon a motion for nonsuit in a criminal case, all the evidence upon the whole record tending to sustain a conviction is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169. When the evidence in the present case is so considered, it is sufficient to establish every essential element of the crime charged and to require submission of the case to the jury.

**[2, 3]**  "Three elements are necessary to constitute the offense of forgery: (1) There must be a false making or alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud." *State v. Phillips*, 256 N.C. 445, 124 S.E. 2d 146. Defendant admitted to the officers that he had written the check in question and that he did not have permission from the person whose name appeared as drawer of the check to sign his name. The person whose name appeared on the face of the check as payee and whose signature purportedly appeared on the back, testified that she had never signed the back of the check nor had she given defendant permission to sign her name thereon. This evidence was sufficient to establish the false making of the instrument. Defendant's admission to the officers that he had gotten another man to go to the store and cash the check for him was sufficient to establish his fraudulent intent. The check itself, which was introduced in evidence, was on its face such an instrument as was capable of effecting a fraud.

**[4, 5]**  There is also no merit in defendant's contention that there was not in this case sufficient evidence *aliunde* his confession to carry the case to the jury. The check itself was introduced in evidence; endorsements appearing on the back thereof indicated it had been negotiated. There was independent evidence that the signature of the persons whose names appeared thereon as drawer and as payee were not genuine; the purported payee herself so testified. "When the State offers evidence of the corpus delicti in addition to defendant's confession of guilt, defendant's motion to nonsuit is correctly denied." *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53. In the case before us there was sufficient extrinsic evidence corroborating defendant's confession to warrant submitting the case to the jury.

**[6, 7]**  Defendant contends he is entitled to a new trial because of failure of the trial judge to conduct a *voir dire* hearing and to make findings of fact as to the voluntariness of his confession. Apart from the fact that this contention is not based upon any appropriate assignment of error, the contention is without merit. At his trial defendant made no objection to the testimony of the two police officers concerning his extrajudicial admissions. A general objection, if timely made, would have been sufficient, *State v. Vickers*, 274 N.C. 311, 163 S.E. 2d 481, but unless objection is made at the proper time it is waived. *State v. Edwards*, 274 N.C. 431, 163 S.E. 2d 767. He cannot raise the objection for the first time on appeal. *State v. Jones*, 6 N.C. App. 712, 171 S.E. 2d 17. (Opinion by Brock, J., filed this date.) It should also be noted that in the present case de-

fendant admitted on cross-examination that the officers had advised him of his rights. He has never contended that any confession or admission allegedly made by him was involuntary; he simply denied that he made any.

In the trial we find

No error.

