STATE OF NORTH CAROLINA v. JOSEPH CLIFTON BLAKELY

No. 748SC520

(Filed 3 July 1974)

**Criminal Law § 75— statements in patrol car — custodial interrogation — necessity for voir dire**

Statements made by defendant in response to an officer's questions while the officer was filling out an "alcoholic influence report form" after defendant had been placed under arrest and while he was sitting in a patrol car with the officer were the result of custodial interrogation, and the trial court erred in the admission of such statements over defendant's general objections without conducting a *voir dire* and making findings as to whether the statements were voluntarily and understandingly made after defendant had been given the *Miranda* warnings.

APPEAL by defendant from *Lanier, Judge,* 21 January 1974 Session of Superior Court held in WAYNE County.

Defendant was charged in a warrant with operating a motor vehicle on a public highway while under the influence of intoxi-

cating liquor. After trial and conviction in the District Court, he appealed to the Superior Court, where he again pled not guilty.

The arresting highway patrol officer testified that he saw defendant driving on a public road at a high rate of speed, that defendant lost control of his car, and that the car spun around backwards into the ditch. The patrolman went immediately to the ditched car and found defendant to be the only occupant. Defendant's eyes were red and glassy, his face was flushed, and there was a strong odor of alcohol on his breath. The officer arrested defendant for driving under the influence, placed him in the patrol car, and advised him of his rights under the Miranda decision. The patrolman could not recall whether defendant answered yes or no to the question as to whether he wanted a lawyer, but defendant did tell the officer that he understood his rights. The officer then asked defendant the questions on the "alcoholic influence report form," after which he took defendant to jail, where a breathalyzer test was given which showed that defendant had .17 percent of alcohol in his blood.

The jury found defendant guilty, and from judgment on the verdict, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney E. Thomas Maddox, Jr. for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

PARKER, Judge.

Defendant asigns error to the trial court's allowing the arresting officer to testify over his objections to statements made by defendant in response to the officer's questions asked while the officer was filling out the "alcoholic influence report form." The officer testified that in answering these questions defendant stated, among other things, that he was the operator of his vehicle, that he had been drinking, and that he was under the influence of an alcoholic beverage. Defendant points out that the court overruled his objections to this testimony without conducting any voir dire examination and without making any findings that his statements had been freely and voluntarily made.

"One who is detained by police officers under a charge of driving while under the influence of an intoxicant has the same constitutional and statutory rights as any other accused." *State v. Hill,* 277 N.C. 547, 178 S.E. 2d 462; accord, *State v. Lawson,* 285 N.C. 320, 204 S.E. 2d 843; *State v. Sykes,* 285 N.C. 202, 203 S.E. 2d 849. Here, defendant's statements were made after he had been placed under arrest and while he was sitting in the patrol car with the officer immediately before the officer took him to jail. Thus, there can be no question but that the statements were made in response to custodial interrogation. Although there was ample evidence from which the trial court could have made express findings that defendant's statements were voluntarily and understandingly made after he had been properly advised by the officer of his constitutional rights under the Miranda decision, the court failed to make such findings and simply overruled defendant's general objections. "A general objection is sufficient to challenge the admission of a proffered confession if timely made," *State v. Edwards,* 274 N.C. 431, 163 S.E. 2d 767, and when the objections were interposed in the present case, before allowing the officer to testify as to defendant's statements the trial judge should have conducted a voir dire examination and made findings of fact as to the circumstances under which the statements were made. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1. For error in admitting testimony as to defendant's inculpatory statements without making findings of fact which would establish that the statements had been voluntarily and understandingly made, defendant is entitled to a

New trial.

Judges CAMPBELL and BRITT concur.