State v. Brissenden

STATE OF NORTH CAROLINA v. GEORGE WALTER BRISSENDEN AND LARRY DALE DAUGHERTY

No. 7420SC725

(Filed 20 November 1974)

1. Searches and Seizures § 3— validity of warrant — probable cause

Search warrant was valid where it described the persons and premises to be searched and the marijuana expected to be seized and it was supported by an officer's affidavit setting out information based on his personal knowledge and information furnished by a reliable informant to the effect that marijuana had been seen on the day in question on the described premises.

2. Searches and Seizures § 4— search under warrant — legality of entry

Entry made by officers in the execution of a search warrant was valid where an officer knocked twice on a door that was ajar and was greeted by one of the defendants who was inside the premises.

APPEAL by defendants from Seay, Judge, 29 April 1974 Session of Superior Court held in MOORE County.

Heard in Court of Appeals 24 September 1974.

Defendants were charged in a bill of indictment with possession of 5 grams of marijuana with intent to distribute, in violation of G.S. 90-95(a)(1). They entered pleas of not guilty and were convicted by the jury of possession of marijuana. From

judgments imposing prison sentences of six months, defendants have appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General William F. O'Connell, for the State.*

*P. Wayne Robbins and Bruce T. Cunningham, Jr., for defendant appellants.*

BALEY, Judge.

The sole assignment of error is to the failure of the trial court to grant the motion of defendants to suppress the evidence obtained on a search of their premises. Defendants contend, first, that the search warrant was invalid, and, second, that the entry made by the officers in the execution of the warrant was unlawful. We find no merit in either contention.

[1] The warrant was issued in full compliance with the requirements of G.S. 15-26. It described the persons and premises to be searched and the marijuana expected to be seized. It was supported by an affidavit from an officer setting out information based on his personal knowledge and information furnished by a reliable informant to the effect that the marijuana had been seen on the day in question on the premises described. There were ample grounds from which the magistrate could make an independent finding of probable cause.

[2] With respect to the alleged illegal entry, the trial judge found on a *voir dire* hearing that "there was no forcible entry of the premises, but indeed a knocking and entry by the officers after his presence was made known . . . to the defendant Larry Daugherty, who was then inside the premises." There was competent testimony at the hearing to support these findings of fact. They are binding on appeal. *State v. Pike,* 273 N.C. 102, 159 S.E. 2d 334.

The findings of fact by the trial judge on *voir dire* hearing show a sufficient compliance with the rationale of *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897, and *State v. Covington,* 273 N.C. 690, 161 S.E. 2d 140, upon which defendants rely. In neither of those two cases was the presence of the officers known until after they entered the premises. In this case, Chief Seawell knocked twice on a door that was ajar. Having been greeted by defendant Daugherty, he was justified in entering the living room. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706.

Upon search of defendants' apartment the officers found eleven bags containing a total of 268.5 grams of marijuana.

The motion to suppress was properly denied. Defendants have received a fair trial free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.