State v. Weavil

V.

———————————

STATE OF NORTH CAROLINA v. DUANE EUGENE WEAVIL

No. 8221SC551

(Filed 7 December 1982)

Searches and Seizures § 18— consent to search trunk of car voluntarily given

Where defendant was warned as to his *Miranda* rights, opened the trunk of his car upon a single request from the investigating officers, there was no evidence that defendant was coerced by threats, promises or show of force, and the evidence showed that defendant was not placed under arrest until after the trunk was opened and the officer found contraband, defendant's motion to suppress the evidence seized from the trunk of his car on the grounds that he did not consent was properly denied by the trial court.

APPEAL by defendant from *Wood, Judge.* Order entered 3 March 1982 in FORSYTH County Superior Court. Heard in the Court of Appeals 18 November 1982.

Defendant was indicted for possession of marijuana with the intent to sell and deliver. Defendant moved to suppress evidence seized from the trunk of his car at the time of his arrest. At the hearing of defendant's motion, the evidence adduced was substantially as follows.

On 24 October 1981, Deputy J. L. Burton of the Forsyth County Sheriff's Department, while with another employee of the Sheriff's Department, observed defendant in his car parked in a Zayre department store parking lot. Deputy Burton was at the time working for Zayre, patrolling the parking lot in his personal automobile, wearing his Sheriff's deputy's uniform. Burton approached defendant's car, got out of his vehicle and walked up to defendant's car with a flashlight. When he shined the flashlight in defendant's car he observed defendant in the vehicle with a white Frisbee in his lap which contained a substance that appeared to be marijuana. Defendant drove away and Deputy Burton chased him in his vehicle. Burton saw defendant throw something out the window of his car. Defendant stopped his car after traveling one to one and a half miles. Burton asked defendant to get out of his vehicle and advised him of his *Miranda* rights. Deputy Burton observed several marijuana seeds on the seat and floorboard of defendant's car and under the seat he found the white Frisbee which contained a residue of what appeared to be marijuana. Burton asked defendant to open his trunk, which defendant did. In the trunk, Burton found more marijuana, and then he arrested defendant for felony possession.

Defendant's evidence tended to show that Deputy Burton never shined the flashlight in his car in the Zayre parking lot; that, until he stopped his car, defendant did not know that the vehicle following him carried officers; that he was ordered to open the trunk of his car; and that he felt he had no choice but to open the trunk and did not consent to the search, but did open the trunk without protest.

The trial court found as facts that Deputy Burton did see what appeared to be marijuana in defendant's car in the Zayre parking lot; that Burton stopped defendant's car and observed

marijuana seeds and a white Frisbee containing vegetable residue; that Burton asked defendant to open the trunk, which defendant did; and that Burton found packets of marijuana in the trunk. Upon the trial court's conclusion that defendant opened his trunk voluntarily and that he gave his consent to the officer looking inside the trunk, defendant's motion to suppress was denied. Upon the denial of his motion, defendant pled guilty as charged and appealed from the order denying his motion to suppress.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Bruce C. Fraser for defendant-appellant.*

WELLS, Judge.

By his assignments of error, defendant contends that the trial court erred in finding that he consented to the search of the trunk of his car and in concluding that the evidence seized should not be suppressed since it was the product of a valid consent search.[1]

Evidence seized during a warrantless search is admissible if the State proves that the defendant freely and voluntarily, without coercion, duress or fraud, consented to the search. *State v. Long,* 293 N.C. 286, 237 S.E. 2d 728 (1977). In determining whether consent is free and voluntary, we must look to the totality of the circumstances which were present at the time of the search. *State v. Powell,* 297 N.C. 419, 255 S.E. 2d 154 (1979); *State v. Long, supra.* If consent is given after a claim of authority, the consent may be invalid. *See Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed. 2d 797 (1968) (consent given after officer said he had a search warrant was held invalid). Yet it is clear that a defendant may give valid consent to a search even after he has been placed under arrest. *State v. Long, supra.* Moreover, there is no requirement that a defendant be given a warning that he has the right to refuse to consent to a search. *State v. Frank,* 284 N.C. 137, 200 S.E. 2d 169 (1973). Where a defendant has been given his *Miranda* warnings prior to consenting to a search, that fact has been considered as a factor tending

1. Defendant does not contend that Burton had no probable cause to stop defendant's car. That question is therefore not before us.

---

State v. Weavil

---

to validate consent. *See, e.g., State v. Powell, supra; State v. Long, supra; State v. Frank, supra.*

The findings of fact in the present case are supported by competent evidence and, therefore, they are binding on this court. *State v. Crews,* 286 N.C. 41, 209 S.E. 2d 462 (1974), *cert. denied,* 421 U.S. 987, 95 S.Ct. 1990, 44 L.Ed. 2d 477 (1975); *State v. Pike,* 273 N.C. 102, 159 S.E. 2d 334 (1968). The facts found support the trial court's conclusion that "defendant opened the trunk voluntarily and gave his consent to the officer looking inside the trunk." Defendant had been warned as to his *Miranda* rights. He opened the trunk to his car upon a single request from the investigating officer. There is no evidence that defendant was coerced by threats, promises or show of force. Although defendant had been warned of his *Miranda* rights prior to consenting to the search, he does not dispute the State's evidence which shows that he was not placed under arrest until after the trunk was opened and the officer found the contraband. Defendant's motion to suppress the evidence seized from the trunk of his car on the grounds that he did not consent was properly denied by the trial court.

Affirmed.

Judges VAUGHN and WHICHARD concur.