STATE OF NORTH CAROLINA v. STEPHEN LOUIS MOORE

No. 511A90

(Filed 12 June 1991)

1. **Grand Jury § 3 (NCI3d) — selection of black foreman — standing of black defendant to challenge**

A black defendant has standing to object to the removal of a white foreman of the grand jury and the replacement of him with a black person on the ground that the new foreman was selected in a racially discriminatory manner in violation of Art. I, § 26 of the N. C. Constitution.

**Am Jur 2d, Grand Jury §§ 22, 24.**

2. **Grand Jury § 3.3 (NCI3d) — selection of black foreman — racial discrimination**

A black foreman of the grand jury was selected and appointed solely on the basis of race in violation of Art. I, § 26 of the N. C. Constitution where the black defendant moved to quash the indictment on the ground that the white foreman of the grand jury was selected in a racially discriminatory manner; the district attorney informed the presiding judge that no black person had ever been appointed foreman of the grand jury in the county and suggested that the white foreman be asked to resign and that a specific black grand juror be appointed as foreman; this was done by the judge; and the evidence shows that the person named as foreman was the only person suggested by the district attorney to the presiding judge.

**Am Jur 2d, Grand Jury §§ 4, 14, 22, 24.**

Justice WEBB dissenting.

APPEAL by the defendant pursuant to N.C.G.S. § 7A-30(2) and Rule 14 of the North Carolina Rules of Appellate Procedure from a decision of a divided panel of the Court of Appeals, 100 N.C. App. 217, 395 S.E.2d 434 (1990), finding no error in a judgment entered by *Morgan, J.,* at the 8 May 1989 Criminal Session of Superior Court, RUTHERFORD County, sentencing defendant to fifty years' imprisonment for murder in the second degree. Heard in the Supreme Court 8 May 1991.

*Lacy H. Thornburg, Attorney General, by Debra C. Graves, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellant.*

MARTIN, Justice.

The Court of Appeals found that the trial judge properly denied defendant's motion to quash the 5 October 1987 bill of indictment. We disagree and reverse the decision of the Court of Appeals.

Defendant was indicted 25 February 1985 on the charge of murder in the first degree of Louise Tate. On 7 July 1987, this Court filed its opinion in *State v. Cofield*, 320 N.C. 297, 357 S.E.2d 622 (1987), a case in which we held that racial discrimination in the selection of grand jury foremen violates article I, sections 19 and 26 of the North Carolina Constitution. In September 1987, defendant, who is black, moved to quash the indictment on grounds that the selection of the white foreman of the grand jury was accomplished in a racially discriminatory manner. When the *Cofield* opinion came to the district attorney's attention, he informed Judge Gudger that the foreman was a white person, that there were two black persons on the grand jury, and that no black person had ever been appointed foreman of the grand jury in Rutherford County. The district attorney suggested to Judge Gudger that the white foreman be requested to resign as foreman and that juror Wilkerson, a black, be appointed foreman. This was done.

A new bill of indictment, identical to the first in substance, was returned 5 October 1987. Defendant moved to quash that bill upon the grounds that the foreman was selected in a racially discriminatory manner. This motion was denied, and defendant was convicted of murder in the second degree. Upon appeal to the Court of Appeals, no error was found in the trial.

Because we resolve this appeal by determining the validity of the indictment, we do not find it necessary to recite the evidence concerning the substantive offense charged.

[1] At the threshold, the State argues that because defendant is black he has no standing to object to the removal of a white foreman of the grand jury and the replacement of him with a black person. While this argument might be relevant to an allegation of discrimination under the equal protection clause of our Con-

stitution, a question we do not resolve, it is irrelevant to the issue before us in the instant case. Here, we are applying article I, section 26 of our Constitution to the facts of this case. As we held in *State v. Cofield*:

> Article I, section 26 does more than protect individuals from unequal treatment. The people of North Carolina have declared in this provision that they will not tolerate the corruption of their juries by racism, sexism and similar forms of irrational prejudice. They have recognized that the judicial system of a democratic society must operate evenhandedly if it is to command the respect and support of those subject to its jurisdiction. It must also be *perceived* to operate evenhandedly.

> . . . .

> . . . The effect of racial discrimination on the outcome of the proceedings is immaterial. Our state constitutional guarantees against racial discrimination in jury service are intended to protect values other than the reliability of the outcome of the proceedings. Central to these protections, as we have already noted, is the perception of evenhandedness in the administration of justice. Article I, section 26 in particular is intended to protect the integrity of the judicial system, not just the reliability of the conviction obtained in a particular case. The question, therefore, is not whether discrimination in the foreman selection process affected the outcome of the grand jury proceedings; rather, the question is whether there was racial discrimination in the selection of this officer at all.

> . . . The integrity of the judicial system is at stake in this situation, just as it is when the entire grand jury is selected in a discriminatory manner. Thus, if racial discrimination in the selection of the foreman can be demonstrated in this case, the proceedings against defendant were fatally flawed.

*Cofield*, 320 N.C. at 302-04, 357 S.E.2d at 625-27 (footnote omitted).

It matters not what the race of the grand jury foreman chosen might be. The issue is whether he was selected in a racially discriminatory manner. We conclude that defendant had standing

**STATE v. MOORE**

[329 N.C. 245 (1991)]

to raise this issue by his motion to quash the 5 October 1987 indictment.[1]

[2]    In its brief and oral argument the State does not seriously argue that foreman Wilkerson was selected in a racially neutral process. The unchallenged evidence shows that Mr. Wilkerson was the only person suggested by the district attorney to the presiding judge, and that the judge selected and appointed him solely on the basis of race. It is true that the district attorney and Judge Gudger were attempting to correct the historical custom in Rutherford County of failing to appoint black persons as foremen of grand juries. Their motives were indeed pure, but their method was constitutionally erroneous.

Racial discrimination against blacks in the process of selecting a grand jury foreman cannot be corrected by the selection of a black person as foreman by a racially discriminatory method. Article I, section 26 of our Constitution mandates that the selection of a grand jury foreman be done in a racially neutral manner, that is, regardless of the race of the person selected. We hold that racial discrimination was evident in the selection of foreman Wilkerson for the reason that the selection procedure itself was not racially neutral. *See State v. Cofield*, 324 N.C. 452, 379 S.E.2d 834 (1989).

The State argues that any violation of defendant's equal protection constitutional rights was harmless beyond a reasonable doubt. We reject this argument. Having found error under article I, section 26 of the North Carolina Constitution, we do not find it necessary to discuss the State's harmless error argument with respect to equal protection violations. Although the State raises a harmless error issue concerning article I, section 26, it did not argue the issue in its brief. Even if such argument had been propounded, it would have been inappropriate. As set out above in this opinion, violations of article I, section 26 involve more than the reliability of the result of the proceedings. The integrity of the judicial system is at issue, and a harmless error analysis under these circumstances is inapposite.

---

1. Although not necessary to, nor relied upon in, our resolution of this appeal, we note that the United States Supreme Court reached a similar result in holding that a white defendant had standing to challenge the excusal of black trial jurors for racially discriminatory reasons. *Powers v. Ohio*, --- U.S. ---, 112 L. Ed. 2d 411 (1991).

Our decision is based solely upon adequate and independent State constitutional grounds. *Michigan v. Long*, 463 U.S. 1032, 77 L. Ed. 2d 1201 (1983). Therefore, we do not find it necessary to discuss or decide defendant's federal constitutional arguments. With this disposition of the appeal, we further find it unnecessary to discuss any of defendant's remaining assignments of error.

The indictment of 5 October 1987 is quashed, and the verdict and sentence vacated. The decision of the Court of Appeals is reversed. The State may reindict defendant. *State v. Cofield*, 320 N.C. at 309, 357 S.E.2d at 629.

Reversed.

Justice WEBB dissenting.

I dissent for the reasons stated in my dissenting opinion in *State v. Cofield*, 320 N.C. 297, 357 S.E.2d 622 (1987).