STATE OF NORTH CAROLINA v. TROY ALJIERNON BATTLE

No. COA99-184

(Filed 7 March 2000)

**Constitutional Law— procedural due process—motion to suppress—opportunity to be heard**

The trial court's failure to allow defendant to be heard on a motion to suppress cocaine seized without a warrant violated defendant's right to due process and his right under N.C.G.S. § 15A-975 to make a motion to suppress evidence, and defendant is entitled to a new trial on a charge of trafficking in cocaine by transportation where: (1) the record does not reveal that the State gave defendant notice it intended to offer the cocaine into evidence at trial; (2) the record does not indicate whether defendant had a reasonable opportunity to make a motion to suppress prior to trial, and this supports the conclusion that defendant was entitled to make his motion to suppress during trial; and (3) defendant attempted to be heard on his motion to suppress numerous times during trial, but the trial court denied defendant

the opportunity to state his grounds or present evidence in support of his motion.

Appeal by defendant from judgment entered 28 August 1998 by Judge Frank R. Brown in Edgecombe County Superior Court. Heard in the Court of Appeals 6 January 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*Etheridge, Sykes & Britt, L.L.P., by Raymond M. Sykes, Jr., for defendant-appellant.*

HUNTER, Judge.

Troy Aljiernon Battle ("defendant") appeals from his conviction for trafficking in cocaine by transportation. We grant defendant a new trial on the basis that the trial court should have heard and ruled on defendant's motion to suppress.

The State's evidence at trial indicated that on 29 August 1997, Rocky Mount Police Officers Anthony Styles and James Carlton were on patrol and observed a blue minivan whose left brake light was not functioning properly. Officers Styles and Carlton activated their blue light and pulled the vehicle over. After the vehicle stopped, Officer Styles approached the driver's side of the vehicle and Officer Carlton approached the passenger side. Officer Styles testified that he asked defendant, who was driving the vehicle, to produce his driver's license and vehicle registration. Defendant replied that he did not have a driver's license. At that point, Officer Styles asked defendant to exit the vehicle and defendant complied. Officer Styles proceeded to search defendant for weapons, and testified that he did so because he intended to place defendant under arrest for driving without a license. While being searched, defendant then fled from the scene and Officer Styles pursued him.

At that point, Officer Carlton testified that he ordered Percival Gallimore ("Gallimore"), who was seated in the front passenger seat, out of the van and placed him in handcuffs. He then asked David Lewis ("Lewis"), who was seated in the rear, to exit the vehicle. Officer Carlton testified that Lewis attempted to dash out of the van on the driver's side. Officer Carlton grabbed Lewis' right arm and Lewis pushed him away. Officer Carlton then jumped across the passenger seat of the van and grabbed Lewis. They scuffled onto the floor of the driver's side of the van and out onto the ground. While on

the ground, Officer Carlton was able to get Lewis under control and then place him in handcuffs. Officer Carlton then conducted a search of the van, whereupon he found a package of cocaine on the driver's side just in front of the driver's seat.

Defendant was subsequently apprehended and he, along with Gallimore and Lewis, was indicted on 13 July 1998 for trafficking in cocaine by possession and trafficking in cocaine by transportation. Defendant's case was tried at the 25 August 1998 criminal session of Edgecombe County Superior Court. Defendant made a motion for continuance on the day his trial began on the grounds that he had just found out that his co-defendants would not testify on his behalf, and he needed time to call additional witnesses listed on his witness list. The trial court denied his motion. Defendant was subsequently convicted of trafficking in cocaine by transportation and sentenced to a minimum of 70 months and a maximum of 84 months imprisonment and ordered to pay a fine of $100,000.00.

Defendant appeals on the basis that he was denied his right to due process afforded him by the United States Constitution by the trial court's refusal to hear his motion for suppression of evidence. We agree.

It is uncontroverted that a search warrant was not obtained prior to the search and seizure which produced the State's physical evidence in the present case. The Fourth Amendment of the United States Constitution guarantees the right to be secure against unreasonable searches and seizures of "persons, houses, papers, and effects." U.S. Const. amend. IV. "The United States Supreme Court has stated that searches and seizures conducted outside the judicial process are *per se* unreasonable, subject to only a few specific, well delineated exceptions." *State v. Sanders*, 112 N.C. App. 477, 480, 435 S.E.2d 842, 844 (1993). Our Supreme Court has held that under the exclusionary rule, "[w]hen evidence is obtained as the result of illegal police conduct, not only should that evidence be suppressed, but all evidence that is the 'fruit' of that unlawful conduct should be suppressed." *State v. Pope*, 333 N.C. 106, 113-14, 423 S.E.2d 740, 744 (1992).

Our statutory rule regarding a motion to suppress before and during trial provides, in pertinent part:

(a) In superior court, the defendant may move to suppress evidence only prior to trial unless the defendant did not have rea-

sonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c).

(b) A motion to suppress may be made for the first time during trial when the State has failed to notify the defendant's counsel or, if he has none, the defendant, sooner than 20 working days before trial, of its intention to use the evidence, and the evidence is:

. . .

(2) Evidence obtained by virtue of a search without a search warrant[.]

N.C. Gen. Stat. § 15A-975 (1999). The record does not reveal any evidence that the State gave defendant notice it intended to offer into evidence at trial the cocaine which was obtained without a search warrant. Also, the record does not indicate whether or not defendant had a reasonable opportunity to make a motion to suppress prior to trial. Thus, the record supports the conclusion that defendant was entitled to make his motion to suppress during trial.

The trial transcript in the present case shows that the defendant attempted to be heard on his motion to suppress at numerous times, first during the State's questioning of Officer Styles:

Q. Okay. And you stated that the defendant, Troy Battle, complied with cutting the engine off?

A. Correct, he did.

Mr. Sykes: Objection.

The Court: Overruled.

Q. Okay. What happened then?

Mr. Sykes: Your Honor, I object and would like to be heard. And I have a motion to make at this time.

The Court: Objection overruled.

. . .

A. At that particular time, I asked him to step outside the vehicle.

Mr. Sykes: Your Honor, I'd like to object again at this time, and I'd like to be heard. I have a motion—

The Court: The objection is overruled and your request is denied.

Mr. Sykes: May I preserve it and have the opportunity to be heard?

The Court: You can have a seat and let the State examine this witness. I overruled your objection.

. . .

Q. Okay. Did Officer Carlton show you anything when you got back to the scene?

A. Yes, sir, he did.

Q. Okay. What is it that he showed you?

Mr. Sykes: Objection and I move to suppress.

The Court: Overruled.

Mr. Sykes: I'd like to be heard, your Honor.

The Court: Your motion is denied.

Defendant next attempted to be heard on his motion to suppress during Officer Carlton's testimony for the State:

Q. Okay. And did you find anything in the van?

A. Yes, I did.

Mr. Sykes: Objection.

The Court: Overruled.

Mr. Sykes: I'd like to make a motion to suppress, your Honor. I'd like to be heard under 18-975—

The Court: Motion is denied.

Defendant next attempted to be heard during testimony of SBI Agent Jim Daniel:

The State: That would be the State's evidence.

The Court: Are you going to introduce your exhibits?

The State: Yes, sir.

Mr. Sykes: I object, your Honor.

The Court: Objection is overruled. If he wants to offer it, the court will receive it.

Mr. Sykes: I'd like to move to suppress it and I'd like to be heard.

The Court: The motion is denied.

Thus, it is evident that although defendant attempted several times to make his motion to suppress, the trial court denied it without giving defendant the opportunity to even fully state his grounds or the basis for the motion.

The requirement of " 'procedural due process applies only to the deprivation of interests encompassed within the Fourteenth Amendment's protection of liberty and property. . . .' " *Howell v. Town of Carolina Beach,* 106 N.C. App. 410, 417, 417 S.E.2d 277, 281 (1992) *(quoting Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548 (1972)). "Due process of law requires that no one shall be condemned in his person or property without notice and an opportunity to be heard in his defense." *State v. Moore,* 100 N.C. App. 217, 223, 395 S.E.2d 434, 437 (1990), *disc. review denied as to additional issues,* 328 N.C. 335, 402 S.E.2d 825, *rev'd on other grounds,* 329 N.C. 245, 404 S.E.2d 845 (1991). The fundamental requirement of due process is the opportunity to be heard " 'at a meaningful time and in a meaningful manner.' " *State v. Thompson,* 349 N.C. 483, 498, 508 S.E.2d 277, 286 (1998) *(quoting Armstrong v. Manzo,* 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66 (1965)). " 'It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement.' " *Goodwin v. Walls,* 118 N.C. App. 341, 345, 455 S.E.2d 473, 477, *review allowed,* 342 N.C. 419, 461 S.E.2d 757 (1995) *(quoting Coach Co. v. Burrell,* 241 N.C. 432, 436, 85 S.E.2d 688, 692 (1955)). "It is basic to due process that a defendant in a criminal action be allowed to offer testimony." *State v. Pike,* 273 N.C. 102, 107, 159 S.E.2d 334, 338 (1968). The trial court must give defendant an opportunity to offer evidence and present his version of the search and seizure or to contradict, amplify, or explain the testimony offered by the State on *voir dire. Id.*

Based on the foregoing, we hold that due process requires that defendant should have been given a reasonable opportunity to be

heard on his motion to suppress " 'at a meaningful time and in a meaningful manner.' " *State v. Thompson*, 349 N.C. at 498, 508 S.E.2d at 286. The trial court here barely allowed defendant to state his motion and denied defendant any opportunity to state his grounds or present evidence in support of his motion. Defendant was not only denied his constitutional rights, but also his statutory right to make a motion to suppress under N.C. Gen. Stat. § 15A-975. Accordingly, we reverse and remand for a new trial. Due to our holding, we need not reach defendant's additional assignments of error.

New trial.

Judges JOHN and McGEE concur.