STATE v. ALVIE M. COBB.

(Filed 29 April, 1959.)

**1. Criminal Law § 103—**

The act of the court in submitting to the jury only one count in the bill of indictment has the effect of a directed verdict of not guilty on the other count contained therein.

**2. Criminal Law § 79—**

Where defendant aptly moves to suppress evidence on the ground that it was illegally procured, and the State is permitted to introduce in evidence, over defendant's objection, whisky found during a search of defendant's home, and the State does not introduce the search warrant in evidence, or any evidence that the warrant was lost, or as to its contents, or that it was duly issued, a new trial must be awarded.

APPEAL by defendant from *Johnston, J.,* December Term 1958 of RANDOLPH.

Criminal prosecution upon a bill of indictment with two counts. The first count charges the unlawful possession of alcoholic beverages upon which the taxes imposed by the laws of Congress of the United States or by the laws of this State have not been paid, a violation of G.S. 18-48. The second count charges the unlawful possession of illicit liquors for sale, a violation of G.S. 18-50.

Plea: Not Guilty. Verdict: Guilty as to the first count — no mention in verdict as to second count.

From a sentence of imprisonment, defendant appeals.

*Malcolm B. Seawell, Attorney General and T. W. Bruton, Assistant Attorney General, for the State.*

*Hammond & Walker and Coltrane & Gavin for defendant, appellant.*

PER CURIAM. It appears from the Judge's charge to the jury that defendant's wife was charged in a separate bill of indictment with a violation of G.S. 18-48 — it does not appear as to whether or not she was charged with a violation of G.S. 18-50 —, and that the two bills of indictment were consolidated for trial. It clearly appears from the

Judge's charge that he submitted only the first count in defendant's bill of indictment to the jury. This had the effect of a directed verdict of Not Guilty on the second count in the defendant's bill of indictment. *S. v. Love,* 236 N.C. 344, 72 S.E. 2d 737. The Record does not show the jury's verdict as to defendant's wife.

Before pleading to the bill of indictment, the defendant moved to suppress the evidence on the ground that it was illegally procured. The court denied the motion, and defendant excepted. Defendant then pleaded Not Guilty. The search warrant was not introduced in evidence, nor was any evidence introduced that it was lost. There was no evidence as to its contents. There was no evidence that it was duly issued. There was no evidence as to who issued it. The Court permitted the State, over the defendant's objection and exception, to introduce in evidence a jar containing whisky, which whisky was found during the search of defendant's home. Defendant assigns this as error. The Attorney General, with his usual frankness, concedes error.

The verdict and judgment are vacated, and a new trial on the first count in the bill of indictment is awarded, on authority of *S. v. Mc-Milliam,* 243 N.C. 771, 92 S.E. 2d 202.

New Trial.