STATE v. EUGENE MARVIN MYERS.

(Filed 2 March, 1966.)

**1. Criminal Law § 14;    Searches and Seizures § 2—**

In a prosecution for breaking and entering committed in this State, the sufficiency of a search warrant issued in another state sequent to which some of the stolen goods were recovered there, is to be determined by the law of this State.

**2. Constitutional Law § 30;    Searches and Seizures § 2—**

Decisions of state courts in regard to the requisites and sufficiency of a search warrant are subject to the overriding authority of the U. S. Supreme Court in determining the citizen's rights under the Fourth and Fourteenth Amendments to the Federal Constitution.

**3. Searches and Seizures § 2—**

Upon motion to suppress evidence obtained by a search warrant on the ground of the insufficiency of the warrant, the court may conduct a preliminary inquiry relating to the legality of the search.

**4. Same—**

Where the affidavit of a search warrant states that the affiant swears under oath that he verily believes that defendant's domicile contains stolen merchandise, without any reference to any articles taken from the building defendant is charged with breaking and entering, the warrant is insufficient and the admission of evidence of merchandise found upon such search, which had been removed from the building in question, is prejudicial error. Constitution of North Carolina, Art. I, § 15; G.S. 15-27.1.

MOORE, J., not sitting.

APPEAL by defendant from *Parker, J.*, September, 1965 Session, WASHINGTON Superior Court.

The defendant was tried upon a bill of indictment which charged the felonious breaking and entering the East Carolina Supply Company's warehouse and the larceny therefrom of certain described articles of personal property valued at $1,904.52.

Upon arraignment and before plea, the defendant moved to suppress the evidence which the Virginia officers had taken from the defendant's automobile and from his trailer as a result of a search under color of a search warrant which allegedly was issued without probable cause and in violation of the defendant's rights under the Constitution of the United States, the Constitution and laws of the State of North Carolina where the indictment was returned, and of the Constitution and laws of Virginia where the search was made. The judge refused to conduct an inquiry or to hear witnesses in support of the motion to suppress the evidence upon the ground the motion was premature and could not be entertained until the evidence was offered at the hearing on the merits.

At the trial the manager of East Carolina Supply Company testified the place of business was broken into on September 13, 1964, and certain listed articles of personal property of the total value $1,904.52 were stolen. He also testified some of these articles were returned to him on October 25, 1964, by E. M. Lloyd, special investigator for Virginia State Police. These articles were taken from the defendant's premises and from his automobile as a consequence of the officers' search. In addition to the articles identified as having been stolen from the East Carolina Supply Company, the search uncovered other articles leading to 14 prosecutions in the criminal courts of Northumberland and Lancaster Counties in Virginia. In each of the Virginia cases the search was declared illegal and the warrant which authorized it void. The search warrant in question was issued by a justice of the peace upon this affidavit: "E. M. Lloyd, investigator, has this day made oath before me that he verily believes that a certain House Trailer (describing its location) unlawfully contains contrary to law stolen merchandise (describing certain articles, but none of which belonged to East Carolina Supply Company) and that such information was received through a reliable person, or that he has reasonable cause for such belief." The warrant concluded with this command: "Search for the said merchandise."

At the trial the court admitted over defendant's objection evidence which the officer obtained as a result of the search. This evidence tended to identify certain articles found in defendant's trailer where he, his wife, and his brother lived. The evidence indicated some of the articles had been taken from the East Carolina Supply Company warehouse. From a verdict of guilty and judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General, Ralph Moody, Deputy Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*

*Jones, Jones & Jones, Bailey & Bailey by Carl L. Bailey for defendant appellant.*

HIGGINS, J. The defendant in this case was tried for the felonies of breaking and entering into, and larceny from East Carolina Supply Company warehouse in Washington County, North Carolina. The decisions of the Virginia trial courts suppressing the evidence and holding the search warrant void, while persuasive, are not binding on the North Carolina courts. To be competent here, the evidence must meet the North Carolina tests of admissibility. However, Virginia decisions and ours do not seem to be out of

harmony on the question of the citizen's right to be protected from unwarranted searches and seizures. The decisions of both States are subject to the overriding authority of the Supreme Court of the United States to determine the citizen's rights under the Fourth and Fourteenth Amendments to the United States Constitution. *Aguilar v. Texas,* 378 U.S. 108; *Mapp v. Ohio,* 367 U.S. 643; *Giordenello v. U. S.,* 357 U.S. 480; *Nathanson v. U. S.,* 290 U.S. 41; *Rees v. Commonwealth,* 203 Va. 850, 127 S.E. 2d 406; *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736.

In this case, as a matter of procedure, we see no reason why the trial court, in its discretion and on defendant's motion to suppress the evidence, could not conduct a preliminary inquiry relating to the legality of the search in the same manner as the court does in determining the voluntariness of a confession.

The affidavit made by Officer Lloyd was insufficient in factual averments upon which to base a valid search warrant. North Carolina Constitution, Article I § 15, provides:

"General warrants, whereby any officer or messenger may be commanded to search suspected places, without evidence of the act committed, or to seize any person or persons not named, whose offense is not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted."

G.S. 15-27.1 provides:

"No facts discovered or evidence obtained by reason of the issuance of an illegal search warrant or without a legal search warrant in the course of any search, made under conditions requiring a search warrant, shall be competent as evidence in the trial of any action."

The search warrant was illegal and the evidence secured under its authority was inadmissible and should have been excluded. The defendant is awarded a

New trial.

MOORE, J., not sitting.