STATE OF NORTH CAROLINA v. JAMES EDWARD WOOD
— AND —
STATE OF NORTH CAROLINA v. DONALD WRAY WOOD

No. 7027SC66

(Filed 6 May 1970)

**Criminal Law § 84— motion to suppress evidence — search and seizure
— voir dire**

Where defendants made a motion to suppress evidence of cigarettes
found in their car by a search and seizure without a warrant, the trial
court erred in failing to conduct a voir dire in the absence of the jury
to determine the legality of the search and seizure and to make findings
of fact on this question.

APPEAL by defendants from *Falls, J.,* 21 October 1969 Session,
CLEVELAND Superior Court.

In separate but virtually identical bills of indictment returned
at the April 1969 Session of Cleveland Superior Court, defendants
were charged with (1) storebreaking and (2) felonious larceny on
19 February 1969. On 8 July 1969, defendants appeared before
Hasty, J., and after being informed of the charges against them,
the nature of the charges and statutory punishment therefor, and
their right to be represented by counsel, defendants expressed their
desires to be tried without legal counsel and executed waivers of
their rights pertaining thereto.

When the cases came on for trial, the defendants advised the
trial judge that they desired to serve as their own counsel. They
pleaded not guilty, the jury found them guilty as charged, and the
court imposed active prison sentences aggregating 20 years on each
defendant. Defendants appealed and are represented here by court-
appointed counsel.

*Attorney General Robert Morgan, Deputy Attorney General Har-
rison Lewis and Staff Attorney Howard P. Satisky for the State.*

*N. Dixon Lackey, Jr., for defendant appellants.*

BRITT, J.

Defendants assign as error the failure of the trial judge to con-
duct a voir dire in the absence of the jury to determine the legality
and admissibility of testimony relating to 39 cartons of cigarettes
found in an automobile operated and occupied by defendants at the
time of their arrest and to make findings of fact on this question.

STATE *v.* WOOD

The record reveals that after the jury was selected and impaneled, the trial judge in the absence of the jury heard several motions presented by defendant James Wood. One of the motions was to the effect that evidence pertaining to the 39 cartons of cigarettes be suppressed for that said evidence resulted from a search of the automobile occupied by defendants without a search warrant, in violation of their constitutional rights. The trial judge declined to rule on the motion at that time but stated, "I will have to cross that bridge when I reach it."

The State proceeded to present its evidence including testimony of Harold Glass, one of the owners of the store alleged to have been broken and entered, of David Corn and Tom McDevitt, members of the Kings Mountain Police Department, and of Deputy Sheriff Palmer Cannon. Following the cross-examination of Mr. Corn regarding a search warrant, the record discloses the following:

"AT THIS POINT IN THE TRIAL, the following exchange occurred between the Judge, the defendant James Edward Wood and the witness in the presence of the jury:

'DEFENDANT JAMES EDWARD WOOD: That's all of this witness, but I would like to make a motion to the Court at this time.

THE COURT: Well, just a minute (to witness). What, if anything, did you find with the search warrant?

A. We didn't serve the search warrant.

THE COURT: I didn't ask you that. I asked you what you found searching the car after you got the search warrant?

A. Thirty-nine cartons of cigarettes — 37 full cartons.

THE COURT: You said you saw the cigarettes in the car as it was parked on the side of the road?

A. As I checked it, yes, sir.

THE COURT: And at the Police Station, you saw them in the car?

A. Yes, sir.

THE COURT: You also testified, as I recall it, that you found a lug wrench and screwdriver underneath them?

A. Yes, sir. They were on the floorboard, underneath the box.

THE COURT: You couldn't see them from outside, because they were under the box?

A.   No, sir; you couldn't see them.

THE COURT:   I'll strike the lug wrench and screwdriver from the evidence. The jury will not consider them, but will consider the cigarettes.' "

The assignment of error is well taken. In *State v. Pike,* 273 N.C. 102, 159 S.E. 2d 334 (1968), in an opinion by Branch, J., we find the following:

"In the case of *State v. Myers,* 266 N.C. 581, 146 S.E. 2d 674, a motion was made to suppress evidence obtained by a search warrant on the ground of insufficiency of the warrant. The Court, finding the warrant illegal, *inter alia,* made this pertinent statement:

'In this case, as a matter of procedure, we see no reason why the trial court, in its discretion and on defendant's motion to suppress the evidence, could not conduct a preliminary inquiry relating to the legality of the search in the same manner as the court does in determining the voluntariness of a confession.'

In passing upon whether confessions of defendants in criminal cases are voluntary and admissible in evidence, this Court has approved the following rule:

'When the State proposes to offer in evidence the defendant's confession or admission, and the defendant objects, the proper procedure is for the trial judge to excuse the jury and, in its absence, hear the evidence, *both that of the State and that of the defendant,* upon the question of the voluntariness of the statement. In the light of such evidence and of its observation of the demeanor of the witnesses, the judge must resolve the question of whether the defendant, if he made the statement, made it voluntarily and with understanding. *State v. Barnes, supra; State v. Outing, supra; State v. Rogers, supra.* The trial judge should make findings of fact with reference to this question and incorporate those findings in the record. Such findings of fact, so made by the trial judge, are conclusive if they are supported by competent evidence in the record. No reviewing court may properly set aside or modify those findings if so supported by competent evidence in the record. *State v. Barnes, supra; State v. Chamberlain, supra; State v. Outing, supra; State v. Rogers, supra.'* (Emphasis ours.) *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1.

We see no reason why the procedure on motion to suppress evidence because of illegal search and seizure should not be the same as the inquiry by the court into the voluntariness of a confession."

Although our Supreme Court in *State v. Myers, supra,* indicated that the trial court "in its *discretion* and on defendant's motion to suppress the evidence" (emphasis ours) *could* conduct a preliminary inquiry relating to the legality of the search in the same manner as the court does in determining the voluntariness of a confession, we interpret its opinion in *State v. Pike, supra,* to say that this *should* be done; this Court so held in *State v. Fowler,* 3 N.C. App. 17, 164 S.E. 2d 14 (1968). Defendants herein are entitled to a new trial.

Defendants assign as error the failure of the *trial* court to properly inform the defendants of their right to have counsel appointed for them and to determine if defendants intelligently and understandingly waived such appointment. Since we are ordering a new trial on the assignment of error above discussed, we deem it unnecessary to pass upon and discuss this assignment of error. Suffice to say, before the defendants are retried, we think the superior court would be well advised to (1) advise each defendant that he is entitled to counsel, (2) ascertain if each defendant is indigent and unable to employ counsel, and (3) appoint counsel for each defendant found to be indigent unless the right to counsel is intelligently and understandingly waived. *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245.

For the reasons stated, there must be a

New trial.

BROCK and GRAHAM, JJ., concur.