STATE OF NORTH CAROLINA v. BYRON CARLTON CUMBER

No. 715SC324

(Filed 26 May 1971)

1. Criminal Law § 84— admissibility of exhibits — voir dire hearing into lawfulness of search

An objection to the admissibility of exhibits which merely challenged the insufficiency of their identification did not require the trial court to hold a *voir dire* hearing into the legality of the search which uncovered the exhibits.

2. Criminal Law § 84— voir dire hearing — patrolman's description of what he saw inside a car

Trial court was not required to hold a *voir dire* hearing before allowing a highway patrolman merely to describe what he saw in plain view inside a station wagon while he was standing on the outside.

3. Criminal Law § 86— credibility of testifying accomplice — inadmissibility of impeaching evidence showing offer of leniency

The right of a defendant under some circumstances to offer evidence tending to show that an accomplice had reason to expect lenience in return for testifying for the State, *held* not to extend to evidence of a conversation overheard in jail between an accomplice and some unidentified person who was offering leniency to the accomplice in exchange for becoming a State's witness.

APPEAL by defendant from *Cowper, Judge,* 26 October 1970 Criminal Session of Superior Court held in NEW HANOVER County.

Defendant was charged in separate bills of indictment with breaking and entering two school buildings in New Hanover County and larceny of property therefrom.

The State presented evidence tending to show the following: At approximately 11:00 p.m. on 27 September 1970 Jackie Talbert, a State Highway Patrolman, went to a picnic area on U. S. Highway 17 near Hampstead in response to a call. There he found Jackie Watts sitting in a station wagon under the steering wheel. No one else was in the station wagon. Talbert observed in the back seat and cargo area of the station wagon a Remington typewriter, two table model radios, an adding machine cover and other items. The items were in plain view. Sheriff's deputies were called and the station wagon was taken to Topsail School where the items of property were identified by

school officials as having been located in the two school buildings which had been entered earlier in the evening.

As Talbert left the picnic area he observed James Cumber squatting down in front of a sign. At approximately 3:00 a.m. the following morning a truck being driven by defendant's father was seen turning off Highway 17 onto a rural paved road next to the Martha Ann Restaurant in Hampstead. Defendant was a passenger in the truck.

Jackie Watts testified for the State. He stated that he is a nephew of defendant and James Cumber. About dark on 27 September 1970 the three men left their homes in Wilmington to return to Virginia where they were employed. They were traveling in defendant's station wagon. Watts was driving. On their way out of town Watts stopped the station wagon twice and each time near a school building. Defendant left the car on each occasion. Once he returned with a radio. The second time he returned with a typewriter and an adding machine. After leaving the area of the second school building, the three men drove to the Martha Ann Restaurant in Hampstead. Defendant and James Cumber again left the car and started walking down the road. Watts drove to the picnic area a short distance away and was waiting there when the patrolman came. Watts identified various items of property as objects which had been placed in the station wagon on the night of 27 September 1970 by defendant.

Defendant did not testify but he presented several witnesses whose testimony tended to establish an alibi.

The jury returned verdicts of guilty on all charges and defendant appealed from judgments entered upon the verdicts.

*Attorney General Morgan by Staff Attorney Giles for the State.*

*Smith and Patterson by Norman B. Smith and Michael K. Curtis for defendant appellant.*

GRAHAM, Judge.

Two New Hanover County school officials identified various State's exhibits as property owned by the schools and located in the school buildings on the evening of 27 September 1970. One of these witnesses also identified the exhibits as the property

which he observed in defendant's station wagon on 27 September 1970. The only objections made by defendant to any of this testimony were to statements by one of the witnesses as to what he thought certain of the items had cost. These objections were sustained. At the conclusion of the testimony of these witnesses the record reflects that the following transpired:

> "MR. COBB: I would like to introduce this evidence and these exhibits into evidence.
>
> MR. NEWTON: Objection.
>
> COURT: On what grounds?
>
> MR. NEWTON: Especially the last two at Bradley Creek; been no positive identification of those, just common items.
>
> COURT: Overruled.
>
> MR. COBB: I would like to introduce them at this time.
>
> COURT: All right."

[1] Defendant contends that the court erred in not ordering a *voir dire* hearing at this stage of the trial to determine if the evidence had been obtained by an illegal search. If defendant had properly raised an issue as to the legality of the State's acquisition of this evidence this assignment of error would indeed be well taken. *State v. Woody,* 277 N.C. 646, 178 S.E. 2d 407; *State v. Pike,* 273 N.C. 102, 159 S.E. 2d 334; *State v. Wood,* 8 N.C. App. 34, 173 S.E. 2d 563. The objection entered, however, was directed to what defendant contended was a lack of sufficient identification of some of the items. "When an objection is made upon certain grounds stated, only those stated can be made the subject of review, except where the evidence is excluded by statute." 2 McIntosh, N. C. Practice 2d, § 1532(7).

In inquiring of defendant's counsel as to the grounds for the objection, the trial judge was undoubtedly seeking to determine if a *voir dire* hearing would be necessary. Counsel's response limited the objection to the question of identification of the property. No *voir dire* hearing was necessary in order to pass upon an objection made on these grounds.

[2] Defendant also assigns as error the failure of the court to order a *voir dire* hearing before allowing testimony by the Highway Patrolman as to what he observed in the station wagon.

State v. Cumber

This assignment of error is without merit. The patrolman did not testify that he conducted a search or that he seized any of the items introduced into evidence. His testimony simply described what he saw as he stood outside the station wagon and looked inside. He stated: "It was in plain view when I went up to the car and talked to Watts." This testimony was clearly competent, irrespective of whether grounds existed at that time to search the vehicle. Furthermore, at the time the patrolman testified, the subject items had already been introduced into evidence and no question had been raised as to whether they had been illegally obtained by the State.

The case of *State v. Wood, supra,* which is relied upon by defendant is clearly distinguishable. There, the introduction into evidence of cartons of cigarettes alleged to have been stolen was directly challenged on the ground that the evidence had been obtained by an illegal search. Rather than conducting a *voir dire* hearing to inquire into the constitutionality of the search, the trial court undertook to examine, in the presence of the jury, the officer who had seized the property. This examination revealed that the officer saw some cigarettes in the car before he searched it and seized various items of property. The objection interposed in that case was not directed to testimony by the officer concerning what he saw without benefit of a search, but to the legality of the search which resulted in the seizure of the property. Here, no question was raised during the trial as to whether the items of property in question were illegally obtained by the State. Compare *State v. Woody, supra.*

[3] Defendant contends the court committed prejudicial error by excluding the proposed testimony of a prisoner. If permitted to testify, the prisoner would have stated that he overheard an unidentified person tell State's witness Watts that if Watts testified he would be walking the streets free and if he stayed quiet he would be liable to get some time. This alleged conversation occurred in the conference room of the jail. The court sustained the State's objection to the testimony when the witness admitted that he could not identify the person whom he had heard talking to Watts.

It is true that under certain circumstances a defendant may offer evidence tending to show that an accomplice has reason to expect leniency in return for testifying for the State. *State v. Roberson,* 215 N.C. 784, 3 S.E. 2d 277. However, we hold that

this right does not extend to include evidence of a jail conversation between an accomplice and some unidentified person.

Defendant's other assignments of error are directed to the charge. We have examined the charge in its entirety and hold that no error sufficiently prejudicial to require a new trial appears therein.

No error.

Judges CAMPBELL and BRITT concur.