STATE OF NORTH CAROLINA v. ANDERSON COOPER, ALIAS WALTER JONES

No. 725SC783

(Filed 29 December 1972)

Arrest and Bail § 3; Searches and Seizures § 1— arrest without warrant — probable cause — search of person

Where defendant was seen walking on a deserted street near a shop that had been broken into soon after a security officer had observed two men loading clothes into a van parked at the shop's rear door and a few minutes after one of the two suspects had eluded the security officer in the same area and where defendant was placed under arrest by officers who had knowledge, either direct or indirect, that the shop had been broken into, the officers had reasonable ground in believing that defendant had just committed the crime of felonious breaking and entering, and their search (which produced incriminating evidence) was incident to a lawful arrest.

APPEAL by defendant from *Wells, Judge,* 24 April 1972 Session of NEW HANOVER Superior Court.

Defendant was charged in a three-count indictment with (1) felonious breaking or entering, (2) felonious larceny and (3) felonious receiving of stolen goods. At trial the State elected not to pursue the receiving count.

Upon defendant's plea of not guilty to the first two counts, the State offered evidence which tended to show the following:

Samuel Hicks of the Carolina Security Patrol went to the Stork Shoppe, Ltd. on the night of 20 December 1971 in response to a call over his radio. The Stork Shoppe is a maternity and children's clothes store located at 1306 South Sixteenth Street, Wilmington, N. C. Earlier that evening at 5:00 p.m. the shop had been closed and both front and back doors had been locked by one of the owners. When Hicks arrived at the shop he found a van bearing New Jersey license plates pulled up to the back door and observed someone going from the store to the van. As Hicks drew closer he saw two men inside the building in the process of loading clothes into the van. Hicks announced his presence as he entered the back door and immediately thereafter heard glass shatter in the front of the store. As he entered the main portion of the store he noticed that the front glass door had been broken out. Exiting through the broken door, Hicks spotted two men running through a field beside the shop. After ordering the men to halt, Hicks fired a warning shot into the air. One of the fleeing men fell to the ground while the other kept running. Hicks handcuffed the man lying on the ground and carried him back to his patrol car parked at the rear of the store.

Sergeant J. S. Williams of the Wilmington Police Department, also responding to a call, arrived at the scene and found Hicks with his prisoner. Hicks then informed Sergeant Williams that another suspect was still at large. Williams ran around to the front of the building and saw defendant Anderson Cooper walking northward on the otherwise deserted Sixteenth Street. He started following Cooper and commanded him to stop. At approximately the same time, officers in a police car proceeding southward on Sixteenth Street noticed Sergeant Williams following the defendant at a "fast pace" and pulled up right in front of defendant Cooper who then stopped. Patrolman Everett J. Hamilton of the Wilmington Police Department got out of the police car and Sergeant Williams informed him that the Stork Shoppe had just been broken into.

Defendant Cooper was then placed under arrest and searched by Patrolman Hamilton. Before Patrolman Hamilton was allowed to testify as to the results of his search, a *voir dire* examination was held to determine the admissibility of the items found on defendant Cooper. In the absence of the jury, Patrolman Hamilton gave testimony repetitious of that stated above as to what transpired after he observed defendant on Sixteenth Street. He then testified that while searching defendant Cooper, he found a pocketknife and some papers in defendant's pocket. He then told the court that he advised the defendant at that time that he was under arrest as being suspected of having broken into the Stork Shoppe and that defendant was advised of his constitutional rights. Patrolman Hamilton also stated that at the time defendant was taken into custody, he had reason to believe that defendant had committed a felony. Defendant did not testify on *voir dire*.

The record reveals the following ruling by the trial judge:

"The Court finds the following facts: That the witness Mr. Hamilton saw Mr. Anderson Cooper on the evening of 20 December, 1971, at or near the scene of the crime, The Stork Shoppe; that he placed Mr. Cooper under arrest before he frisked him, and the knife and papers from his pocket were taken as a result of the witness' assumption that a felony had been committed and therefore the evidence was admissible."

Patrolman Hamilton was then allowed to testify in the presence of the jury that a pocketknife was found in defendant's pocket as well as some papers among which was one part of a two-part New York operator's license bearing the name Thomas Ross. The van parked at the rear entrance of the shop was also searched and another part of a two-part New York operator's license was found inside also bearing the name Thomas Ross. A truck rental contract issued in the City of New York was also found in the van.

At the police station, defendant was again advised of his constitutional rights and signed a waiver. During interrogation defendant denied seeing any glass door broken and denied being near any glass door that was broken on the night in question. Defendant's shoes were examined and glass was found embedded in the soles. Also a shiver of glass was detected on defendant's forehead near his hairline.

Defendant offered no evidence in his behalf. The jury found defendant guilty as charged and from a judgment imposing an active prison sentence, defendant appealed.

*Attorney General Morgan, by Associate Attorney Speas, for the State.*

*Burney, Burney, Sperry, Barefoot and Scott, by Herbert P. Scott, for defendant appellant.*

MORRIS, Judge.

Defendant assigns as error the ruling of the trial court that the search of defendant Cooper was incident to a lawful arrest and that the evidence obtained thereby was admissible. Defendant contends that the arrest was made without a warrant and not authorized by the provisions of G.S. 15-41. Therefore the arrest being invalid, defendant argues that the evidence obtained from the search incident to such an arrest was "tainted" and inadmissible.

An arrest without a warrant is illegal unless authorized by statute. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969); *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954).

G.S. 15-41 provides:

*"When officer may arrest without warrant.*—A peace officer may without warrant arrest a person:

(1) When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence;

(2) When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

The State makes no contention that any felony or misdemeanor was committed in the arresting officers' presence prior to arrest, but asserts that the officers had reasonable ground to believe that defendant had committed a felony and would evade arrest if not immediately taken into custody. G.S. 15-41(2).

Defendant contends that since the breaking or entering statute of North Carolina, G.S. 14-54, has two parts, § (a) defining a felony, and § (b) defining a misdemeanor, the officers at the time of the arrest of defendant could not have a reasonable belief that a felony had been committed. Defendant argues that it might have just as easily been a misdemeanor depending on whether he had or had not the requisite "intent to commit any felony or larceny therein" that would support a felony conviction, and that there was no evidence from which the arresting officers could form such a reasonable belief. We do not agree.

In *State v. Harris,* 279 N.C. 307, 182 S.E. 2d 364 (1971), the following was stated by Justice Sharp at p. 311:

> "Probable cause and 'reasonable ground to believe' are substantially equivalent terms. 'Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . . To establish probable cause the evidence need not amount to proof of guilt, or even prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith. One does not have probable cause unless he has information of facts which, if submitted to a magistrate, would require the issuance of an arrest warrant.' (Citation omitted.) 'The existence of "probable cause," justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved.' (Citations omitted.)"

The facts found by the trial judge on *voir dire* were amply supported by competent evidence in the record and are, therefore, conclusive. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966), cert. denied 386 U.S. 911, 17 L.Ed. 2d 784, 87 S.Ct. 860 (1967). A recapitulation of that evidence reveals that: (1) Defendant Cooper was seen walking on a deserted street, (2) near the shop that had just been broken into, (3) soon after a security officer had observed two men loading clothes in a van parked at the shop's rear door, (4) a few minutes after one of the two suspects had eluded the security officer in

the same area, and (5) was placed under arrest by officers who had knowledge, either direct or indirect, that the Stork Shoppe had been broken into.

In our opinion, the officers had reasonable ground in believing that defendant Cooper had just committed the crime of felonious breaking or entering, and that their search (which produced incriminating evidence) was incident to a lawful arrest. The officers could lawfully take from the defendant any property which such person had about him and which is connected with the crime charged or which may be required as evidence thereof. Such evidence if otherwise competent, may be properly introduced at trial by the State. *State v. Harris, supra.*

Defendant also contends that the trial judge erred in failing until after the trial to make findings of fact and conclusions of law as to his motion to suppress the evidence obtained in the aforementioned search. We can conceive of no prejudice defendant could have possibly suffered as a result of this procedure. The trial judge did rule that the evidence was admissible and to such ruling defendant's counsel, who had an opportunity and who did cross-examine Patrolman Hamilton on *voir dire,* duly excepted. Also, the findings of fact and conclusions of law were properly inserted in the record for this Court to consider on appeal. The trial judge, in conducting a *voir dire* examination in the absence of the jury to determine the admissibility of the disputed evidence, discharged her duty in compliance with the holding of this Court in *State v. Wood,* 8 N.C. App. 34, 173 S.E. 2d 563 (1970).

In the trial in Superior Court, we find

No error.

Judges CAMPBELL and PARKER concur.