## 33274. COLUMBUS, GEORGIA, BY BOARD OF TAX ASSESSORS v. OUTREACH FOR CHRIST, INC.

Bowles, Justice.

The appellee, Outreach for Christ, Inc., protested the assessment of ad valorem taxes for the year 1977 on a ten-acre tract of land purchased by it in July, 1976. Appellee appeared before the Board of Tax Assessors of Muscogee County, and subsequently made timely appeal therefrom to the county board of equalization. An appeal was filed from the adverse ruling of that board to the Muscogee County Superior Court.

The question for decision before the superior court was whether or not the ten-acre tract owned by the church was exempt from ad valorem taxation for the year 1977 pursuant to Code Ann. § 92-201, which provides exemptions for "places of religious worship." On appellee's motion for summary judgment, the trial judge found that the land was used as a place of religious worship, and, therefore, was exempt from ad valorem taxation under that Code section. We affirm.

Affidavits filed to support appellee's motion for summary judgment showed that the ten-acre tract was purchased for and as a place of religious worship; that sermons were preached on the property; that scripture was read and hymns were sung at services held on the property; that the property was dedicated as a place of religious worship; and that the only use of the property was as a place of religious worship. The affidavits were based on the personal knowledge of the affiants, setting forth instances of their individual use of the property by participation in services and meetings held there. Thus,

they were admissible as personal statements of fact showing the use of the property for religious worship, and not conclusions and opinions as contended by the appellant city. See *Textile Products, Inc. v. Fitts Cotton Goods, Inc.,* 124 Ga. App. 421 (164 SE2d 14) (1971).

While the city in its pleadings denied the property in question was used solely for religious worship, the affidavits submitted by it in support of its motion for summary judgment, and in opposition to appellee's motion for summary judgment did not controvert the evidence submitted by the church on that issue. One affiant stated that he saw no structure and no activity on the property during his two visits there in April, 1977. The other affiant stated that an officer of the church had told him that the church was holding regular worship services in the Springer Theatre in Columbus, Georgia. These statements do not overcome the evidence that the property was used only as a place of worship, and, therefore, do not raise any factual issues. We recently held in *Roberts v. Atlanta Baptist Assn.,* 240 Ga. 503 (1978), that a building is not necessary for a place to qualify as a place of worship. Neither is it necessary for a complete congregation to hold regularly scheduled services at one location. All one must show is that the property is used exclusively as a "place of religious worship." Any evidence tending to show how the property was used during 1977 is irrelevant, as the assessment in question was made as of January 1, 1977. Use of the property after that date would affect the January 1, 1978 assessment.

"When a motion for summary judgment is made and supported. . ., an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or [as] otherwise. . ., must set forth specific facts showing that there is a genuine issue for trial." Code Ann. § 81A-156 (e). *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974); *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977). The appellee made out a prima facie case that the property owned by it was used solely for religious worship, and was exempt from ad valorem taxation under Code Ann. § 92-201, as interpreted in *Roberts v. Atlanta Baptist Assn.,* supra. The burden then shifted to the appellant to rebut this

evidence, and to set forth specific facts showing that there was a genuine issue for trial. This the city did not do. Neither did it present evidence showing that it was entitled to judgment as a matter of law, in support of its own motion for summary judgment.

The trial court was correct in reversing the decision of the Muscogee County Board of Equalization and holding that the ten-acre tract owned by appellee was exempt from taxation as it was used solely as a place of religious worship.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who dissent.*

ARGUED FEBRUARY 13, 1978 — DECIDED FEBRUARY 28, 1978.

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellant.

*Henson & Cheves, Kenneth M. Henson, James E. Butler, Jr.,* for appellee.

HALL, Justice, dissenting.

Unfortunately, this court has interpreted the term "places of religious worship" to be as broad as the plan of salvation. *Roberts v. Atlanta Baptist Assn.,* 240 Ga. 503 (1978). I do not agree with this almost totally undiscriminating definition.

Under constitutional authorization, the General Assembly has exempted "places of religious worship" from taxation, Code Ann. § 2-5404 and Code Ann. § 92-201. The definition of the term is a question of law for the court rather than a question of fact for the jury.

I agree that the property need not contain a building. A group should be able to select a site of *reasonable size* to worship according to the religion of their choice. But I cannot agree that the term can cover tens, hundreds or thousands of acres of improved or unimproved land.

Under the rationale of *Roberts* and this case, if the celebrants conduct roving homage to the deity over the entire tract during some part of the tax year, the entire tract is a place of religious worship. Unless some corrective action is taken by the General Assembly of Georgia, "places of religious worship" will soon cover a

considerable percentage of the property within the territorial boundaries of the State of Georgia.

HILL, Justice, dissenting.

The evidence before the trial court shows that in mid-1976 Outreach for Christ, Inc. (a/k/a the Gate Fellowship), sold the building in which its members had been worshipping, acquired the land in question and held a dedication service thereon. A part of this land was then cleared and some construction has occurred near a sign which said "Future Home of the Gate Fellowship." In the interim the congregation has been holding services in a movie theater. From this evidence a jury would be authorized to find that instead of being used as a "place of religious worship," the land in question was a building site.

Factual issues of this nature are peculiarly suited for the province of the jury, and should not be taken from the jury when the moving party has failed to carry its burden or there is any conflict of material fact. See *Roberts v. Atlanta Baptist Assn.*, 240 Ga. 503 (1978); *Ellington v. Tolar Constr. Co.*, 237 Ga. 235 (227 SE2d 336) (1976). Therefore, I would reverse the grant of summary judgment.